J. Curtis Edmondson (CSB 236105)
Edmondson IP Law
2660 SE 39th Loop, Suite D
Hillsboro, OR 97123
503-336-3749/ FAX: (503) 482-7418
jcedmondson@edmolaw.com

*Attorney for Defendant*
JOHN DOE subscriber assigned IP address   47.144.166.78

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>Plaintiff,<br>vs.<br><br>JOHN DOE subscriber assigned<br>IP address  47.144.166.78<br><br><br><br>Defendant. | Case No.:  2:20-cv-08646-TJH-SP<br><br>DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSES and COUNTERCLAIMS<br><br><br>JURY TRIAL DEMAND |

Defendant JOHN DOE subscriber assigned IP address 47.144.166.78

(hereinafter "John Doe") by and through counsel hereby answers Plaintiff's ("S3H") complaint for copyright infringement.

## Introduction

1. With regard to paragraph 1, denied.

2. With regard to paragraphs 2 and 3, John Doe has no knowledge of these facts, and therefore denied.

3. With regard to paragraphs 4, deny and with regard to 5, deny that Plaintiff has technology to link an infringer with the subscriber of the IP address.

4. With regard to paragraph 6, admitted as to factual statements regarding S3H improperly bringing an action in Florida State Court. Denied that the Florida State Court had subject matter or personal jurisdiction over S3H's copyright claim. Plaintiff's statement that it can litigate in either in the Central District of California or the Florida State Court in Miami-Dade County is contrary to law as state courts have no jurisdiction as to copyright claims.

5. With regard to paragraph 7, this a statement of law and requires no response.

## Jurisdiction and Venue

6. With regard to paragraphs 8-12 as to jurisdiction for the claim, denied that the acts of infringement occurred by John Doe.  With regard to allegations regarding Maxmind, Maxmind cannot correlate the infringing device with the IP address, and is denied.

### Parties

7. With regard to paragraphs 13 John Doe has no knowledge of these alleged facts, and therefore denies.

8. With regard to paragraphs 14, John Doe is not an infringer, so therefore denies.

### Factual Background

9. With regard to paragraphs 15-48, John Doe has no knowledge of these alleged facts, and therefore denies.

### COUNT I

### Direct Copyright Infringement

10. With regard to paragraph 49 John Doe incorporates by reference the the previous responses in paragraphs 1-48 in this Answer.

11. With regard to paragraphs 50-52, John Doe has no knowledge of these allegedfacts, and therefore denies.

12. With regard to paragraphs 53 (and subparts), denied

WHEREFORE, John Doe respectfully requests that S3H be denied such relief as requested in their prayer on pages 8-9 of the complaint, and award John Doe reasonable attorney fees and costs pursuant to statute and any other relief this Court may grant.

### **DEMAND FOR JURY TRIAL**

John Doe hereby demands a trial by jury.

## AFFIRMATIVE DEFENSES

13. While John Doe has not infringed the works at issue, he is raising these affirmative defenses as is his right and are not and should not be deemed an admission of infringement.

### I. FAILURE TO MITIGATE DAMAGES

14. S3H has made no attempt to mitigate any actual or perceived damages, including but not limited to sending out DMCA take-down notices to the ISP for the IP address. The cost of sending DMCA notices is practically nil compared to the cost of filing a lawsuit and the process of sending DMCA notices can be automated. The sending of DMCA notices to the ISP can result in the termination of the Internet account, solving the alleged problem for S3H. Further, S3H can identify the bittorrent "initial seeders" of the works at issue and take appropriate action, such as, either by corrupting the swarms, or by filing lawsuits against the seeders, rather, they actively encourage such seeding.

### II. UNCLEAN HANDS AND INEQUITABLE CONDUCT

15. S3H has unclean hands in their enforcement of the copyrights that are at issue in this case. S3H has improperly filed a state court action for which there is or was no subject matter or personal jurisdiction over John Doe.

### III. WAIVER AND IMPLIED LICENSE

16. S3H has waived its copyrights by simultaneously distributing free versions of its movies across numerous websites, with no obligation by the consumer to purchase those movies. S3H was aware of such free distribution.

## IV. COPYRIGHT MISUSE

17. S3H has knowingly misused court process and procedure, *inter alia,* the Florida state court process, for which the court in Florida has no subject matter or personal jurisdiction over a copyright claim. Congress has not extended jurisdiction to allow S3H to file claims in state court, bypassing the federal rules of civil procedure, and the oversight of a Federal Court system.

## V. FAILURE TO JOIN NECESSARY PARTIES

18. S3H has failed to join all actual and potential joint infringers including, but not limited to, other participants in the BitTorrent swarm and the website that hosted the ".torrent' file.

## VI. FAIR USE AND OTHER STATUTORY DEFENSES
## 17 U.S.C. 107-122, 512

19. Defendant is entitled to the statutory defenses under 17 U.S.C 107 to 17 U.S.C 122, and 17 USC 512 (DMCA).

## VII. SINGLE SATISFACTION AND EQUITABLE OFFSET

20. Defendant claims that other members of the same torrent hash have settled barring further recovery. Further, Defendant is entitled to an equitable offset based on prior settlements for the same work.

## VIII. STANDING

21. Defendant lacks standing to bring these claims as they are not the owner of the copyright.

## DEFENDANT'S COUNTERCLAIM

## JURISDICTION AND VENUE

24. This action arises out of violations of plaintiffs' civil rights under 42 U.S.C. §1983. Jurisdiction is proper under 28 U.S.C. §1357. This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b) in that counterdefendant resides in this judicial district.

## PARTIES

25. Counterclaimaint is the Defendant JOHN DOE subscriber assigned IP address 47.144.166.78.

26. Counterdefendant, is the Plaintiff Strike 3 Holdings, LLC, and is a person within the meaning of 42 U.S.C. §1983.

## COUNT 1
## [Violation of 42 U.S.C. §1983]

27. At all times relevant hereto, counterclaimant is a resident of Los Angeles County, in a densely populated area of the South Bay.

28. On or about May 20, 2020, counterdefendant Strike 3 Holdings, LLC acting through its counsel filed a complaint against counterclaimant for "COMPLAINT IN EQUITY FOR A PURE BILL OF DISCOVERY" in the county court in and for Miami-Dade County, Florida ("State Court") and was assigned Case Number 107772092 ("Florida Lawsuit"). This complaint was 537 pages, sued numerous "Does", and is attached as Exhibit A (the first 50 pages). The filing of and pursuit of said action was done under color of law, as counterdefendant's counsel in that matter was at all times acting as an officer of the court and as such his acts are imputed to his principal counterdefendant

29. At the time of the filing of the "Florida Lawsuit" counterdefendant made knowingly numerous representations to the State Court, namely:

    a. The State Court had subject matter jurisdiction over JOHN DOE subscriber assigned IP address 47.144.166.78, when it fact it had no subject matter jurisdiction of said claims.

    b. That the State Court had personal jurisdiction over JOHN DOE subscriber assigned IP address 47.144.166.78 when in fact Strike 3 Holdings, LLC knew in advance of filing the Florida Lawsuit, via software geolocation tools, that JOHN DOE subscriber assigned IP address 47.144.166.78 was a resident of Los Angeles County.

30. After filing of Florida Lawsuit, counterdefendant filed a motion for a subpoena duces tecum to be issued by the Florida State Court notwithstanding its knowledge that there was no personal jurisdiction or subject matter jurisdiction over JOHN DOE. The motion was served on JOHN DOE subscriber assigned IP address 47.144.166.78's internet service provider. By such acts, all done under color of law, counterdefendant knew it was violating long and clearly established due process law that JOHN DOE could not be haled in to a jurisdiction with which JOHN DOE had no contacts, much less the minimum contacts required under the due process clause.

31. JOHN DOE subscriber assigned IP address 47.144.166.78's internet service provider then received notice from his service provider that his confidential subscriber information was to be released upon a motion brought in Florida State Court.

32. JOHN DOE subscriber assigned IP address 47.144.166.78 then hired local Florida counsel to contact Strike 3's Florida counsel. Strike 3's Florida counsel admitted that the Florida actions were simply a ruse to avoid filing a Federal Complaint in the proper Federal Court.

33. Due to the way the hearing was conducted by the County of Miami-Dade not only was JOHN DOE subscriber assigned IP address 47.144.166.78's denied his due process rights, both procedural and substantive, he was also denied his constitutional right to have allegations of copyright infringement adjudicated before a Federal Court. That includes, but is not limited to, any discovery rights to evidence to be controlled and executed by a Federal Court.

34. By the foregoing acts, plaintiffs were deprived (or will be deprived unless enjoined) by the Strike 3 Holdings, LLC of their constitutional rights as follows:

   a. his right of notice and meaningful opportunity to be heard by an impartial decision maker of a Federal Court in Los Angeles concerning a copyright infringement action
   b. his due process right against use of state court process unless the requisite minimum contacts with the jurisdiction is present to gain discovery on a Federal Claim.

35. Strike 3 Holdings, LLC has a policy, practice and custom which foster, promote, condone, and further the conduct that the Strike 3 Holdings, LLC inflicts on numerous individuals who have no minimum contacts with the State of Florida.

36. Further Strike 3 Holdings, LLC has no way of knowing whether an IP address will be reassigned in the future by the ISP due to the dynamic nature of IP address allocation, and, as such may bring this same type of action in Florida against the same individual who has been assigned a new IP address by his ISP.

37. As a direct and proximate result of the acts of the Strike 3 Holdings, LLC, JOHN DOE subscriber assigned IP address 47.144.166.78 has suffered general and special damages, including but not limited to emotional distress, humiliation, embarrassment, stress, anxiety, and physical upset to their central nervous system, and personal injury, attorney fees for the Florida action, all in an amount according to

proof but in excess of $175,000.00. Further, JOHN DOE subscriber assigned IP address 47.144.166.78 are entitled to attorney fees.

**COUNTERCLAIMANT'S PRAYER FOR RELIEF**

Counterclaimant prays judgment be entered as follows on the counterclaim:

WHEREFORE, plaintiffs pray judgment against counterdefendant as follows:

A. Damages as against the County in an amount according to proof but in excess of $175,000.00;

B. An order to issue, enjoining Strike 3 Holdings, LLC from employing the use of state court process in general and the Miami-Dade County Court in particular to conduct discovery into acts of copyright infringement for any IP address that geolocates outside the jurisdiction of Florida as the targeted IP address does not have significant contacts with the State of Florida and the Florida Court system;

C. Costs, interest and attorney fees; and

D. Such other relief be granted that the court considers proper and just.

Respectfully submitted,

Dated: October 30, 2020  /s/ J. Curtis Edmondson
J. Curtis Edmondson
Law Offices of J. Curtis Edmondson, PLLC
Hillsboro OR  97123
(503)336-3749
jcedmondson@edmolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this October 30, 2020, a true and accurate copy of the foregoing Answer, Affirmative Defenses, and Counterclaim was filed withthe District Court's CM/ECF system, which provides service to all counsel of record.

Dated October 30, 2020                     By: /s/ *J. Curtis Edmondson*
                                                                     J. Curtis Edmondson