# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>JOHN DOE, subscriber assigned IP address 47,<br><br>   Defendant.<br><br>AND RELATED COUNTERCLAIM. | CV 20-08646 TJH (SPx)<br><br>Order<br><br>[12] |

  The Court has considered Plaintiff and Counter-defendant Strike 3 Holdings, LLC's ["Strike 3"] motion to dismiss the counterclaim, together with the moving and opposing papers.

  On September 21, 2020, Strike 3 filed this case against Defendant John Doe, alleging copyright infringement. On October 30, 2020, John Doe filed his answer and a counterclaim alleging, *inter alia*, a due process violation under 42 U.S.C. § 1983.

  The following facts are as alleged in the counterclaim.

On May 20, 2020, Strike 3 filed a 537 page complaint against, *inter alia*, John Doe in a Florida state court ["Florida Action"], alleging copyright infringement. Subsequently, Strike 3 "filed a motion for a subpoena *duces tecum*" to discover John Doe's identity from his internet service provider, even though Strike 3 was aware that the Florida state court lacked personal and subject matter jurisdiction over John Doe. According to John Doe, Strike 3's Florida counsel admitted that the Florida Action was "simply a ruse to avoid filing a federal complaint in the proper federal court." Thus, John Doe was "denied his constitutional right to have allegations of copyright infringement adjudicated before a federal court."

Strike 3, now, moves to dismiss John Doe's counterclaim.

While a counterclaim need not include detailed factual allegations for each element of each claim, it must contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff cannot simply restate the elements of his claim, but, rather, must allege enough facts to allow the Court to draw a reasonable inference that a defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the Court must accept all allegations in the counterclaim as true and draw all reasonable inferences in the plaintiff's favor. *See Iqbal*, 556 U.S. at 678.

To allege a claim under § 1983, John Doe must allege:(1) That some person has deprived him of a federal right; and (2) That person acted under color of law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A private individual's action may be under color of state law where there is significant state involvement in that action." *Franklin v. Fox*, 312 F.3d 423, 444. The Supreme Court has articulated four different tests to determine whether state involvement was significant enough to deem a private individual's action as being under color of law: (1) The public function test; (2) The joint action test; (3) The state compulsion test; and (4) The governmental nexus test. *See Franklin*, 312 F.3d at 445. Here, John Doe failed to adequately allege that state involvement was significant enough under any of the four tests. *See Franklin*, 312 F.3d

at 445-446. Accordingly, the motion to dismiss must be granted. *See Iqbal*, 556 U.S. at 678.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion to dismiss be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡.

Date: January 12, 2021

_____
𝔗𝔢𝔯𝔯𝔶 𝔍. 𝔥𝔞𝔱𝔱𝔢𝔯, 𝔍𝔯.
𝔖𝔢𝔫𝔦𝔬𝔯 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔍𝔲𝔡𝔤𝔢