UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-8646-TJH (SPx) | Date | December 27, 2021 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge |
|---|---|
| Kimberly I. Carter | None |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**     **(In Chambers) Order Denying Plaintiff's Motion to Compel Responses to Requests for Production Nos. 1 and 15 [24]**

# I. INTRODUCTION

On October 21, 2021, plaintiff Strike 3 Holdings, LLC ("Strike 3") filed a motion to compel defendant John Doe's responses to its requests for production numbers 1 and 15. Docket no. 24. The motion is supported and opposed in a Joint Stipulation ("JS"). Plaintiff's arguments are supported by the declaration of its counsel Lincoln Bandlow ("Bandlow Decl.") and exhibits thereto, and by the declaration of its computer forensics expert Patrick Paige ("Paige Decl."). Defendant's position is supported by the declaration of his counsel Curtis Edmondson ("Edmondson Decl.") and exhibits thereto.

Plaintiff filed a supplemental memorandum on November 16, 2021. On the same day, defendant filed a supplemental memorandum supported by his own declaration ("Doe Decl.") and an exhibit thereto.

The court held a hearing on this motion on December 7, 2021. After considering the parties' arguments and the evidence and authorities cited, the court now denies plaintiff's motion to compel.

# II. BACKGROUND

Plaintiff is the owner of adult motion pictures. Compl. at 1. These motion pictures are distributed through various adult websites and DVDs. *Id.* at 1-2. Plaintiff alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-8646-TJH (SPx) | Date | December 27, 2021 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

defendant used BitTorrent protocol to download plaintiff's motion pictures and distributed them to others, committing copyright infringement. *Id.* at 2.

As relevant here, on June 9, 2021, plaintiff served defendant with its First Request for Production of Documents ("RFPs"), including RFP number 1 for a forensically sound copy (i.e., a mirror image) of his hard drives, and RFP number 15 for a complete copy of all the files contained within any of his cloud based storage systems. Bandlow Decl. ¶4. On August 3, 2021, defendant objected, indicating the requested materials contain private family and financial data, as well as information protected by the attorney-client and spousal communication privileges. JS at 6.

On August 17, 2021, in a letter attempting to address the discovery dispute, plaintiff counsel proposed an ESI protocol to which defendant objected on August 18, 2021. Bandlow Decl. ¶7-9. In his objection, defendant offered to produce files subject to a list of "search strings." Bandlow Decl. ¶9. The parties met and conferred on September 2, 2021 and September 9, 2021 and were unable to reach an agreement.

### III. DISCUSSION

Plaintiff requests the court to compel production of defendant's hard drives and cloud-based storage systems for a forensic examination. Plaintiff argues the information contained therein is relevant to both plaintiff's copyright infringement claim and to defendant's affirmative defenses. Plaintiff also argues the forensic examination is proportional to the needs of the case, given that the burden on defendant is minimal since he already created mirror images of the hard drives and the cloud accounts.

Federal Rule of Civil Procedure 34 allows discovery of electronically stored information ("ESI"), which is limited to "any nonprivileged matter that is relevant to any party's claim or defense" and "proportional to the needs of the case." Fed. R. Civ. P. 34(a), 26(b)(1). The Advisory Committee noted that Rule 34(a) "is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances." In determining if a forensic examination of an electronic device is warranted, courts consider whether the examination will reveal relevant information that is proportional to the needs of the case given any possible privacy or confidentiality concerns. *Henson v. Turn, Inc.*, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) (denying request for forensic imaging of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-8646-TJH (SPx) | Date | December 27, 2021 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

devices because it may reveal information that is not relevant or privileged, and implicate significant privacy concerns); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 2012 WL 70428, at *2 (N.D. Cal. Jan. 9, 2012) (allowing forensic inspection of computer hard drive where the electronic information is relevant to the pending claims).

### 1. A Forensic Examination Threatens the Disclosure of Irrelevant and Privileged Information

Plaintiff first argues the mirror images of defendant's devices and cloud accounts are relevant to plaintiff's claims and his own affirmative defenses. JS at 7. There is no question that an examination of these images would reveal information relevant to either proving or disproving plaintiff's case. But producing a complete forensic imaging of defendant's hard drives and accounts will also disclose information that has no relevance to plaintiff's copyright infringement claim, including family photos and personal financial information. *See* Doe Decl. ¶¶ 3-4; *Henson*, WL 5281629, at *5 (finding a complete forensic image of cell phone threatens to sweep information bearing no relevance to the case; listing cases standing for the same proposition). It would also likely reveal privileged information. *See* Doe Decl. ¶ 4 (stating hard drive contains attorney-client communications).

Plaintiff argues a protective order would prevent the disclosure of privileged or otherwise private materials. JS at 12-13. Specifically, plaintiff proposes the following protocol in the event its expert discovers privileged information:

> If Plaintiff's expert's examination reveals relevant information matching the search criteria listed in 10(a)-(e) or 11(a)-(d) above, but the relevant information is privileged information, Plaintiff's forensic expert will, without disclosing the contents, notify both Plaintiff's counsel and Defendant's counsel of this discovery. Defendant will determine whether Defendant wishes to assert a claim of privilege to the information. Plaintiff reserves the right to move the Court for an in camera inspection of a document that Defendant claims is privileged. Neither Plaintiff's forensic expert nor any other person's review of privileged information, nor any inadvertent disclosure thereof, will constitute a waiver of any privilege by Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-8646-TJH (SPx) | Date | December 27, 2021 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

Bandlow Decl. Ex. 1 ¶ 12.

Plaintiff's proposed protocol does not adequately address defendant's legitimate privacy and privilege concerns. For example, the protocol provides for plaintiff's expert to make the initial determination of which information may be privileged. Other courts have rejected similar protocols that provide more protection than plaintiff proposes here. In *Brocade Communications Systems*, the plaintiff "proposed an inspection, search, and production protocol that takes many steps to protect [defendant's] confidential and attorney client privileged information, for example, by requiring that the forensic expert produce any recovered files to [defendant] first, to allow [its] counsel to review the files as to relevance, responsiveness, and privilege prior to any disclosure to [plaintiff]." 2012 WL 70428, at *3. The court in *Brocade* found the plaintiff was "not entitled to set the conditions of the inspection unilaterally nor to select the person who will perform it." *Id*. (quoting and adopting the reasoning in *Advante Int'l Corp. v. Mintel Learning Tech.*, 2006 WL 3371576, at *1 (N.D. Cal. Nov. 21, 2006), where the court found defendant failed to show it would be appropriate to allow its retained expert to conduct a forensic examination of hard drives absent an examination protocol). Because plaintiff's protocol does not adequately address defendant's privacy, confidentiality, and privilege concerns, a forensic examination of defendant's devices threatens the disclosure of irrelevant and privileged information.

## 2. A Forensic Examination Is Not Proportional to the Needs of the Case

Plaintiff additionally argues the requested forensic examination is proportional to the needs of this case because: (1) plaintiff's "claim implicates important property rights"; (2) "the amount in controversy in this matter is large – and growing;" (3) "information asymmetry" favors production; (4) defendant's resources are not at issue and plaintiff would bear the cost of the examination; (5) the "hard drives are critical to resolving [p]laintiff's claim and Doe's defenses." JS at 7-11. Plaintiff also contends "the only 'risk' in permitting a fulsome review – that [p]laintiff's expert might uncover private information about Doe not germane to this copyright dispute – is accounted for by the protective and claw-back provisions set forth in [p]laintiff's proposed ESI protocol." JS at 12.

Plaintiff is correct that there is virtually no financial burden to defendant if he were to simply turn over copies of images already created. But "[w]hile questions of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-8646-TJH (SPx) | Date | December 27, 2021 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

proportionality often arise in the context of disputes about the expense of discovery, proportionality is not limited to such financial considerations." *Henson,* 2018 WL 5281629, at *5.  "Privacy interests can be a consideration in evaluating proportionality, particularly in the context of a request to inspect personal electronic devices." *Id.* (citing cases where courts weighted privacy concerns in determining whether forensic imaging was warranted); *see also In re Anthem, Inc. Data Breach Litig.*, 2016 WL 11505231, at *1 (N.D. Cal. Apr. 8, 2016) (denying access to computer systems in light of privacy implications);  *Bos. Sci. Corp. v. Lee*, 2014 WL 3851157, at *6 (N.D. Cal. Aug. 4, 2014) (reasoning "[f]orensic imaging remains highly invasive and engenders the risk of unanticipated, accidental disclosure of crown jewels" "pronounced in competitor-competitor litigation").

　　　Plaintiff argues its request is proportional because it has no other way to obtain defendant's files.  JS at 10.  The court disagrees.  Defendant has suggested a number of ways plaintiff could obtain the information it seeks, including use of ESI search strings.  It is possible defendant's expert could conduct such searches with plaintiff's expert present, so the two could work together to refine searches to obtain the relevant information.  The parties disagree about whether it is possible to adequately conduct such searches for movies with names that may have changed, among other factors.  *See* Paige Decl. ¶¶ 15-21; Edmondson Decl. ¶¶ 21-28, 32.  But plaintiff has not even tried here.  As such, plaintiff fails to show that a less intrusive option would not yield the information it seeks.  *See Tingle v. Herbert*, 2018 WL 1726667, at *7 (M.D. La. Apr. 10, 2018) (before defendants could get access to the plaintiff's cell phone, they were required to show attempt to obtain the information by less intrusive means).

　　　Undoubtedly, a complete forensic examination would be a more reliable and thorough way for plaintiff to ensure it has obtained all relevant information.  But given what is at issue in this case – the alleged infringement of 54 movies – requiring defendant to turn over images of his hard drives and cloud accounts to plaintiff is not justified.  There is no indication defendant willfully defaulted on his discovery obligations.  "[A]bsent 'specific, concrete evidence of concealment or destruction of evidence,' courts are generally cautious about granting a request for a forensic examination of an adversary's computer."  *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, 2014 WL 12642170, at *3 (S.D. Cal. May 28, 2014) (quotations omitted).  "[M]ere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." *Id.* at *2 (quotations and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-8646-TJH (SPx) | Date | December 27, 2021 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

    For all these reasons, plaintiff's request for images of defendant's hard drives and cloud based storage system accounts is not proportional to the needs of this case.

## IV.    ORDER

    IT IS THEREFORE ORDERED that plaintiff's motion to compel defendant's responses to RFP numbers 1 and 15 (docket no. 24) is denied.