J. Curtis Edmondson, CASB # 236105
Law Offices of J. Curtis Edmondson
15490 NW Oak Hills Dr
Beaverton, OR 97006
Phone: (503) 336-3749
Email: jcedmondson@edmolaw.com

Douglas J. Rosner
Laws Offices Douglas Joseph Rosner
2625 Townsgate Road Suite 330
Westlake Village, CA 91361
Phone: (818) 501-8400
Fax: (818) 880-4485
Email: doug@drosnerlaw.com

Attorneys for Defendant
John Doe

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE subscriber assigned IP address 47.144.166.78, <br><br> Defendant. | Case Number: 2:20-cv-08646-TJH-SP <br><br> **DEFENDANT JOHN DOE'S PRETRIAL MEMORANDUM (LR 16-4)** <br><br> CONFERENCE DATE 1-24-2022 <br> CONFERENCE TIME 10:00AM |

Pursuant to the Local Rules of this Court, L.R. 16-4, Defendant John Doe serves his pre-trial memorandum 21 days before the Pretrial Conference.

This memorandum is made in view of this Court's order at ECF 21 continuing the date for the pre-trial conference to January 24, 2022 at 10am.

## I    INTRODUCTION

This memorandum is short - as the most important fact, in this case, is that Defendant did not "download" Plaintiff's works as alleged.

Perhaps a neighbor used Defendant's wifi to download the works, or perhaps Plaintiff's "VXN" system had a false positive. These are not facts for Defendant to prove as Plaintiff has the burden of proof on infringement.

## II.    MEMORANDUM (L.R. 16-4)

(a) Claims and Defenses (L.R. 16-4))

Defendant's key affirmative defenses at this phase are non-infringement, failure to mitigate damages, implied license, and copyright misuse.

Defendant did not infringe the works alleged by the plaintiff[1].

Plaintiff has failed to mitigate their damages by refusing to send DMCA notices to subscriber's internet service provider.

Plaintiff has granted an implied license to their works by their conduct of failing to send DMCA notices to the subscriber of the ISP.

Plaintiff has misused their copyright.

---

[1] Defendant did not copy the works at issue. Plaintiff has the burden of proof on this issue so there is no affirmative defense in the Ninth Circuit Jury Instructions.

1

(b) Memorandum on Affirmative Defenses (L.R. 16-4.1)

<u>Non-Infringement</u> – Defendant will submit testimony from John Doe that he did not download the movies on his Apple computers.  Also, in response to Plaintiff's interrogatories, Defendant did a search for Plaintiff's work at issue and did not find them.  Also, Defendant has already told Plaintiff that his neighbors had access to his Wifi (who in turn could have provided such evidence to third parties). The evidence will be direct testimony from the Defendant, John Doe.

<u>Failure to Mitigate Damages</u> – To the extent that  Defendant needs to assert this affirmative defense (if Plaintiff is unable to prove infringement) Defendant will show that Plaintiff's failure to send DMCA notices to the ISP for the Defendant would result in in notice of alleged infringements after the first alleged infringement.   See *Mattel Inc. v. Mga Ent. Inc.,* 782 F.Supp.2d 911, 1018 (C.D. Cal. 2011).

<u>Implied License (by conduct)</u> – To the extent Defendant needs to assert this affirmative (if Defendant is unable to prove infringement), then Defendant will demonstrate that Plaintiff's conduct created an implied license to the works at issue.   Implied licenses are a governed by state law.

 Defendant carries a heavy burden on this affirmative defense.  See Furie v. Infowars, LLC, 401 F.Supp.3d 952 (C.D. Cal. 2019) There is significant evidence that Plaintiff has authorized third party sites that would lead any end-user to believe that the works were "free" and further Plaintiff has failed to follow industry standards regarding copyright notices at the beginning of each work.

<u>Copyright Misuse</u> – Defendant will submit evidence that Plaintiff's have misused their copyrights.  The elements for Copyright Misuse are:

Ninth Circuit Jury Instruction 17.24.  Defendant will submit, to the jury, evidence that "...(3) that the copyright owner [Strike 3 Holdings] violated the public policies underlying the copyright laws… ." under the holding of *Omega S.A. v. Costco Wholesale Group*, 776 F.3d 692, 699-706 (9th Cir. 2015) (Wardlaw, J., concurring).

First, Defendant will show that Defendant's have filed lawsuits in the incorrect forum (Florida State Court) which is violative of the public policy that the Federal Court's have exclusive jurisdiction over the claims brought under the Copyright Act.  Second, Defendant will show that Plaintiff's have made false allegations regarding "DMCA Takedowns" stating that they are ineffective while knowing that their failure to send the notices to the subscriber's ISP will be very effective at deterring infringement of their works.   Third, Defendant will show that Plaintiff's revenue from settlements far outstrips their revenue from traditional media licensing efforts (contrary to the allegations in their complaint). The remedy for Copyright Misuse is unenforceability of the copyrights while the acts constituting the misuse are continued, Strike 3 can cure by stop filing cases in Florida State Court and send DMCA takedown notices to the ISP's of the alleged infringers.

(c )  <u>Bifucation of Issues</u>  (LR. 16.4-3)

Defendant proposes the case be bifurcated first on infringement/non-infringement, then followed by defenses and damages (if any).

(d )  <u>Jury Trial</u> (L.R. 16.4-4)

Defendant proposes that all issues to be tried to a Jury.

(e )  <u>Attorney Fees</u> (L.R. 16.4-5)

3

The Copyright Act calls for fee shifting under the "Fogarty Factors", *Fogerty v. Fantasy Inc.* 510 U.S. 517 (1994) with this circuit applying a lodestar analysis.

(f) <u>Abandonment of Issues</u> (L.R. 16-4-6)

At this time there does not appear to be evidence suggesting a lack of standing in view of *Righthaven LLC v. Hoehn,* 716 F.3d 1166 (9th Cir. 2013), but inspection of Strike 3 Holdings contracts with General Media Systems, and other other companies may support this defense.

### III.   **CONCLUSION**

Defendant respectfully submits this brief for the Court's consideration for the hearing on January 24, 2022.

Date: 1/3/2022    `           /s/ J Curtis Edmondson
                              J. Curtis Edmondson
                              Attorney for Defendant
                              John Doe

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2022, I electronically transmitted DEFENDANT'S PRETRIAL MEMORANDUM using the CM/ECF System for filing and transmittal and service on all parties in this case.

/s/ J. Curtis Edmondson