Douglas J. Rosner, SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone. (818) 501-8400
Facsimile: (818) 880-4485

J. Curtis Edmondson, SBN 236105
jcedmondson@edmolaw.com
LAW OFFICES OF J. CURTIS EDMONDSON PLLC
15490 NW Oak Hills Dr.
Beaverton, OR 97006
Telephone: (503) 336-3749
Facsimile: (503) 482-7418

Attorneys for John Doe

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 47.144.166.78,<br><br>  Defendant.<br>_____<br>and Related Counterclaims | Case No. 2:20-cv-08646-TJH-SP<br>Assigned to the Hon. Terry J. Hatter<br><br>**OPPOSITION TO STRIKE 3'S *EX PARTE* MOTION FOR RELIEF**<br><br>**CONFERENCE DATE: 1-24-2022**<br>**CONFERENCE TIME: 10:00AM** |

Defendant JOHN DOE subscriber assigned IP address 47.144.166.78, (hereinafter "John Doe") hereby oppose Plaintiff Strike 3 Holdings, LLC's ("Strike 3") motion to *ex-parte* relief to move the pre-trial hearing date.

This opposition is supported by this motion and any oral argument to be provided by this Court.

Opposition to Strike 3's Ex-Parte Motion

I. Summary

John Doe would like this case set for trial. Strike 3's request for additional time is not needed in that John Doe has responded to all the discovery questions and Strike 3 has provided all relevant discovery. John Doe's expert reports could be prepared in three weeks and the parties can take depos in a week.

In view of this John Doe provides the following proposed schedule:

April 29, 2022 – Close of Fact Discovery

May 13, 2022 – Close of Expert Discovery

May 27, 2022 – Dispositive Motion Cutoff

August 1, 2022 – Final Status Conference

August 15, 2022 (week of) – Three Day Trial

II. Standard for *Ex-Parte* Relief

Ex Parte relief is only available in "limited circumstances". See *Copelan v. Infinity Ins. Co.,* (C.D. Cal. 2019) 359 F.Supp.3d 926, 928. The test is whether: (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex-parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.* , (C.D. Cal. 1995). 883 F.Supp. 488, 492.

Strike 3 has not met that burden for an *Ex-Parte* Motion. The factual allegations are not supported by a declaration of counsel, and is therefore a "speaking motion", but even if these facts are assumed true, there is no dispute that Strike 3 has provided their evidence, John Doe has provided his evidence, and this case is ready for trial. Further, under Mission Power, Strike could have brought a regularly noticed motion months ago. This motion should be denied on this basis alone.

### III. John Doe followed the Court's Local Rules, Strike 3 did not

Strike 3 has missed two court ordered deadlines in this case. More importantly the local rules require Plaintiff's counsel to meet and confer with Defense counsel 40 days prior to the pre-trial conference. See L.R. 16-2. Since Strike 3 has the burden of proof, it is natural that counsel for Strike 3 would reach out on this issue. This has not happened twice in this case.

But even if Strike 3's counsel failed to observe L.R. 16-2, it does not relieve Strike 3's counsel from timely filing a Memorandum of Contentions of Fact and Law under L.R. 16-4. John Doe timely filed his Memorandum, Strike 3 did not.   Further L.R. 16-4 does not require the parties meet and confer.

In short, Strike 3 wants to benefit for not following the rules and penalize John Doe for following the local rules.   This is unfair.

### IV. John Doe is ready for Trial and additional discovery will not reveal any smoking guns dispositive to Strike 3's claim of infringement.

A short summary of this case. Strike 3 has filed thousands of lawsuits without the actual knowledge of the infringer. Instead, they make these allegations from the "VXN computer system".

John Doe lives in a dense condo complex in the Southbay. He has served Strike 3 with a declaration of non-infringement. He has also served a Rule 68 offer. He provided reasons why his IP address would appear to VXN to have allegedly infringe – inter alia, during the pandemic neighbors shared his router.

None of this satisfies Strike 3 despite the holding in Cobbler Nevada vs. Gonzales[1]. Their position is simply – you either settle or you go to trial.

---

[1] *Cobbler Nevada, LLC v. Gonzales,* 901 F.3d 1142 (2018)- "The panel held that Cobbler's bare allegation that the defendant was the registered subscriber of an Internet Protocol address associated with infringing activity was insufficient to state a claim for direct or contributory copyright infringement."

Opposition to Strike 3's Ex-Parte Motion

V. Strike 3's goal is to prolong discovery and increase costs.

Strike 3 now wants to depose neighbors, reopen discovery on issues decided by Judge Pym, and search high and low for their missing movies. Unless the neighbors will testify that they were "peeping toms" looking through John Doe's window and saw him watching Strike 3 movies (which are indistinguishable from 1,000's of other pornographic works), then all they can testify to is that they were the actual infringers.

Strike 3 has not timely joined the neighbors as parties, despite the fact they are likely the infringers. Extending discovery to serve subpoenas on neighbors would be disproportionate waste of resources under Rule 26, and burden on those neighbors to recollect events from years ago.

The point is, Strike 3 stated in their motions for early discovery that their "VXN" system is good enough so that when they get the name of the infringer implying that they could effectively "prove up" their case with the subscriber's name. Apparently, this is not true. Instead, Strike 3 needs to engage in costly additional discovery irrespective of the data generated by the "VXN" system. This calls into question the veracity of the data generated by VXN and it's ability to "pinpoint" an infringer.

VI. Conclusion

There is no good cause for this *ex-parte* motion. John Doe respectfully requests a trial date as soon as possible, even earlier than the proposed schedule. This case looms like a *Damacles Sword* over an innocent non-infringer.

Respectfully Submitted,

Dated: January18, 2022           /s/ J. Curtis Edmondson
                                 J. Curtis Edmondson, SBN 236105
                                 jcedmondson@edmolaw.com
                                 Attorney for John Doe

Opposition to Strike 3's Ex-Parte Motion